UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEO PRESTON,

       Petitioner,

vs.

       Case No. 05-CV-71276
       HON. GEORGE CARAM STEEH
       Crim. No. 01-CR-80845-02

UNITED STATES OF AMERICA,

       Respondent.

_____/

ORDER DISMISSING § 2255 PETITION (#37) AND
DENYING CERTIFICATE OF APPEALABILITY

       Petitioner Leo Preston filed a 28 U.S.C. § 2255 motion on April 1, 2005 seeking relief from his October 23, 2002 sentence of 120 months imprisonment, 5 years supervised release, and a $100.00 assessment following his plea-based conviction for possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii). The facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the motion. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

       Petitioner Preston moves for relief under § 2255 on four grounds: (1) his sentence was enhanced in violation of United States v. Booker, 125 S.Ct. 738 (2005) for possession of a firearm pursuant to impermissible fact-finding by the sentencing court in that possession of a firearm was not charged in the indictment; (2) he was denied effective

assistance of counsel when defense counsel failed to review the Pre-Sentence Report ("PSR") with him, and failed to raise appropriate objections; (3) defense counsel and the court failed to recognize petitioner's limited reading comprehension and language skills at sentencing, and; (4) the court accepted petitioner's guilty plea based on petitioner's inadequate responses to questions concerning the quantity of cocaine, indicating petitioner neither understood nor agreed with the weight calculations.

Petitioner's first argument for the retroactive application of Booker is without merit. The rule in the Sixth Circuit was made clear in Humphress v. United States, 398 F.3d 855 (6th Cir. 2005), petition for cert. filed, (May 17, 2005):

> Humphress argues [in his § 2255 petition] that his sentence was imposed in violation of Blakely, --- U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403, because the trial judge increased his sentence based on findings of fact made by the judge. This claim is now governed by the Supreme Court's intervening decision in Booker, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621, which applied the Blakely reasoning to the Federal Sentencing Guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756. Because we conclude that Booker 's rule does not apply retroactively in collateral proceedings, we find this claim meritless.

Id. at 860 (emphasis added).  As stated in Brooks v. United States, No. Civ. 05-10056-BC, 2005 WL 1356612 (E.D. Mich. June 1, 2005):

> [A]s of this date, every other federal court of appeals to have thus far considered the issue has held that Booker does not apply retroactively to cases on collateral review. See, e.g., Guzman v. United States, 404 F.3d 139, 143-44 (2nd Cir.2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir.2005); United States v. Price, 400 F.3d 844, 845 (10th Cir.2005); Humphress, 398 F.3d at 857; McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.2005); Lloyd v. United States, No. 04-3549, 2005 WL 1155220 (3rd Cir. N.J. May 17, 2005).

Id. at *3.  Petitioner's claim for relief from his October 23, 2002 sentence pursuant a

retroactive application of the January 12, 2005 Booker decision or June 24, 2004 Blakely decision is without merit as a matter of law.  Humphress, 398 F.3d at 857, 860.

Petitioner's claims that defense counsel failed to review the PSR with him, that defense counsel and the court failed to recognize his limited reading comprehension and language skills at sentencing, that the court accepted petitioner's guilty plea based on petitioner's inadequate responses to questions concerning the quantity of cocaine, and that petitioner was denied his right of allocution at sentencing[1], are each belied by the record. See Plea Transcript at 2, 4-6, 9-11.  Petitioner admits as much in his July 14, 2005 Response Brief, at 8:

> Here, it is undisputed that Mr. Preston was under oath when he stated that he could read, write, and understand the English language.  And when he knew the penalties involved in his charge and that his plea was a charge of possession with intent to distribute over 5 kilograms of cocaine.  [Plea-Transcripts at 2-3][.]  Additionally, Mr. Preston responded affirmatively to the court's question as to whether he had carefully read the proposed Rule 11 agreement.  [Plea Transcripts at 4] and that he understood the elements of the charge against him.  [Plea-Transcripts at 7].

Apparently conceding these points, petitioner now argues in his response that the court failed to specifically ask him if his plea was the result of threats of force or coercion, admitting at the same time that he was asked by the court, and responded affirmatively to the question, whether his decision to plead guilty was voluntary and of his own free will.  Contrary to petitioner's argument, this court complied with Federal Rule of Criminal Procedure 11(b)(2) by addressing petitioner in open court and determining that his plea was in fact voluntary.  See Plea Transcript, at 5-6.  The court notes further that plaintiff

---

[1] Petitioner's latest argument that his was denied a right of allocution was raised in his July 14, 2005 motion for leave to amend his § 2255 petition.

does not argue or make a proffer of evidence that he was in fact forced or coerced into pleading guilty and signing his Rule 11 Plea Agreement.

Petitioner's claim for relief based on ineffective assistance of counsel premised on his counsel's failure to raise objections at sentencing is without merit.  Petitioner admitted on the record that the PSR was accurate, and that he reviewed it with counsel.  See Plea Transcript, at 5-6.  Counsel's performance did not otherwise fall below the objective standard of reasonableness required by the Sixth Amendment, nor did counsel's performance prejudice petitioner.  See Strickland v. Washington, 466 U.S. 668, 694 (1984).  Petitioner has not shown, and indeed does not argue, that but for his counsel's alleged errors, petitioner would not have pleaded guilty to one count of possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii), but would have instead proceeded to trial on the cocaine possession charge and the additional charge of conspiracy to distribute five kilograms of cocaine in violation of 21 U.S.C. § 846.  See Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir. 1987).

For the reasons set forth above, Leo Preston's's petition for relief under § 2255 is hereby DENIED, and his petition is hereby DISMISSED.  Before petitioner may appeal this court's decision, a certificate of appealability must issue.  28 U.S.C. §2253(c)(1)(B); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  Petitioner has made no such showing.  Accordingly, a certificate of appealability is also hereby DENIED.

SO ORDERED.

                                          s/George Caram Steeh  
                                          GEORGE CARAM STEEH  
                                          UNITED STATES DISTRICT JUDGE

Dated: September 19, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on September 19, 2005, by electronic and/or ordinary mail.

                                                        s/Josephine Chaffee
                                                        Secretary/Deputy Clerk

2:01-cr-80845-GCS   Doc # 55   Filed 09/19/05   Pg 5 of 5   Pg ID 125